ZWICKER ET AL. v. BOLL, DISTRICT ATTORNEY
OF DANE COUNTY ET AL.

No. 573, Misc.   Decided May 20, 1968.

*Melvyn Zarr, William M. Kunstler,* and *Anthony G. Amsterdam* for appellants.

*Bronson C. La Follette,* Attorney General of Wisconsin, and *William A. Platz, Thomas A. Lockyear,* and *Charles A. Bleck,* Assistant Attorneys General, for appellees.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* is granted.  The motion to affirm is also granted and the judgment is affirmed.  *Cameron* v. *Johnson,* 390 U. S. 611.

MR. JUSTICE DOUGLAS, dissenting.

Appellants are graduate and undergraduate students at the University of Wisconsin and are active in student political and civil rights organizations.  They brought an action in the District Court for the Western District of Wisconsin, seeking a declaratory judgment that the Wisconsin disorderly conduct statute [1] is overbroad and therefore unconstitutional on its face, or an injunction re-

---

[1] Wis. Stat. § 947.01 reads in pertinent part:

"947.01. Disorderly conduct.  Whoever does any of the following may be fined not more than $100 or imprisoned not more than 30 days: (1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance . . . ."

straining state criminal prosecutions under that statute which were pending against them.

Appellants alleged in their complaint that preceding their arrests they were engaged only in peaceful and constitutionally protected protest activities. Appellants were protesting against American policy in Vietnam. The arrests were made in various buildings of the University of Wisconsin in which appellants and others had gathered to object to a chemical manufacturer of napalm being permitted to conduct employment interviews in the buildings. Appellants were arrested under a "disorderly conduct" statute. We know that such statutes historically have been used in reprisal against unpopular groups or persons who espouse unpopular causes. Cf. *Brown* v. *Louisiana,* 383 U. S. 131; *Cox* v. *Louisiana,* 379 U. S. 536; *Taylor* v. *Louisiana,* 370 U. S. 154; *Garner* v. *Louisiana,* 368 U. S. 157. But that is a practice no longer permissible now that the First Amendment is applicable to the States by reason of the Fourteenth.

A three-judge court was convened which dismissed the complaint after oral argument but without conducting an evidentiary hearing. Judge Fairchild, concurring, believed that 28 U. S. C. § 2283 [2] prohibited the issuance of an injunction; Judge Doyle, dissenting, was of the contrary opinion. Judge Gordon found it unnecessary to reach that question, deciding rather to abstain in favor of the state criminal proceedings.

In addition to attacking the statute as void on its face for overbreadth, appellants alleged that their arrests were made and prosecutions instituted for purposes of harassment and in a discriminatory manner on account of their

---

[2] 28 U. S. C. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

political beliefs.[3]   Appellees in their answer denied these allegations and attached copies of the complaints filed in the state criminal proceedings which alleged that appellants were interfering with classes or interviews in the

[3] Paragraphs 12 and 13 of appellants' complaint alleged:

"Plaintiffs allege that their arrest under this Statute is basically for the unlawful purpose of depriving them of their rights of freedom of speech, assembly, association, and petitioning their Government for a redress of grievances guaranteed by the First and Fourteenth Amendments to the United States Constitution, and 42 U. S. C. § 1983.   Further enforcement of Section 947.01, Wisconsin Statutes, the Disorderly Conduct Statute, will have the effect of punishing those plaintiffs now being prosecuted for the exercise of rights, privileges and immunities secured to them by the Constitution and laws of the United States; has [sic] and will deter plaintiffs and others similarly situated from the future exercise of these rights, privileges and immunities; has encouraged and will encourage defendants and other State, County or local officials, acting under color of law, to engage in further acts of intimidation, harassment, threats and other actions meant to prevent and deter plaintiffs and others similarly situated from the exercise of these rights, privileges, and immunities.

.           .           .           .           .

"Plaintiffs allege that their arrests and prosecutions have been and are being carried on with the basic purpose and effects of intimidating and harassing them and punishing them for and deterring them from, exercise of their constitutionally protected rights of free speech and assembly and association to:

"1. Oppose and protest the policies of the United States Government, the State of Wisconsin, and the University of Wisconsin in supporting and contributing to the war effort in Vietnam;

"2. Oppose and protest the foreign policy of the United States;

"3. Or otherwise publicly express unpopular and unorthodox views on public issues of vital concern.

"This intimidation and harassment of plaintiffs is pursuant to a policy of political discrimination which is encouraged, followed and enforced by legislation including the Disorderly Conduct Statute, Section 947.01 of the Wisconsin Statutes, and by action of the executive or judicial branches of the State of Wisconsin.   The Disorderly Conduct Statute, 947.01, Wisconsin Statutes, is unconstitutional on its face and as applied.   It permits and encourages Wisconsin executive or judicial officials to discriminate against plaintiffs and others

buildings by speaking in loud voices or by refusing to leave when requested to do so.

We stated in *Dombrowski* v. *Pfister,* 380 U. S. 479, 489–490, that the abstention doctrine is inappropriate for cases in which state statutes are justifiably challenged either on their face or "as applied for the purpose of discouraging protected activities." In my view, appellants have adequately alleged in their complaint that their arrests and prosecutions were effected in bad faith and in a discriminatory manner in order to punish and discourage exercise of constitutionally protected rights. Since an issue of fact is presented, I would remand to the court below with directions to conduct a plenary hearing on the point.[4]

Appellants have alleged in their complaint facts surrounding their arrests which suggest harassment solely on account of the nature of appellants' protest.[5] More-

similarly situated by reason of political beliefs and ideas, and to intimidate and harass by arrest, detention, brutality, excessive bail and prosecution or the threat thereof, plaintiffs or all who exercise their rights of free speech, assembly, association and petitioning their Government for redress of grievances to express unpopular or unorthodox views on public issues of vital concern or to protest and oppose certain policies of the United States, the State of Wisconsin or the University of Wisconsin on vital public issues, contrary to the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States."

[4] Whether § 2283 constitutes a bar to issuance of an injunction is a question the Court has refrained from deciding in circumstances where it appears that an injunction might be improper on other grounds. See *Cameron* v. *Johnson,* 390 U. S. 611, 613, n. 3 (majority opinion), 628, n. 5 (dissenting opinion).

[5] The complaint alleges that appellant Cohen attempted to enter the university's Commerce Building carrying signs protesting the use of napalm in Vietnam and the university's policy permitting a chemical manufacturer of napalm to conduct employment interviews in the building. Cohen, who was alone, was stopped just inside the door by police officers and told he could not enter the building with signs. He attempted to enter with the signs and

over, the criminal complaints filed against several of the appellants in the state court, and appended to the appellees' answer in this case, raise a strong suspicion that the arrests and prosecutions were carried out in bad faith.[6]

was grabbed by an officer and pushed away. Appellee Hansen (chief of the university's department of protection and security) was summoned. He allegedly grabbed Cohen's signs and threw them out the door into the snow. When Cohen asked why he did that, Hansen allegedly replied, "Because you make me nervous all the time, you make me nervous." Hansen then allegedly jostled Cohen and stated, "I don't like you." Cohen and Hansen then moved to a point in the building where some other students, including appellant Zwicker, were conducting a discussion. Cohen told the group that his signs had been destroyed; other signs appeared and one was handed to Cohen. Hansen allegedly began yelling that people could not talk in the building and could not have signs, and then began tearing up the signs. Some jostling and shoving apparently ensued as police allegedly attempted to grab the signs. Another university official then told Cohen to leave the building. When Cohen asked what regulation of the university he had broken, the official allegedly replied, "I don't know, but the looks of you is enough." Cohen was then arrested and taken from the building.

[6] These documents suggest that the arrests may have been made because the appellants were a nuisance to the university rather than because of "disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance." Wis. Stat. § 947.01 (1).

For example, while the complaint against appellant Webb formally charges disorderliness and tendency to cause a disturbance, nothing in the complaint's statement of "essential facts" supports the charge. The complaint alleges that Webb "was engaged in a protest demonstration in the Chemical Engineering Building on the University of Wisconsin Madison Campus. Defendant was sitting in an interview room interfering with interviews which were being conducted for students of the University for prospective employment. Defendant was asked to leave several times and refused." Other complaints alleged similar facts; still others alleged that certain appellants spoke in loud voices and thereby disrupted classes, language which might come within the scope of § 947.01 (1) ("unreasonably loud ... conduct [tending] to cause or provoke a disturbance"). But if appellants can demonstrate at an evidentiary hearing that, as they

Where there are allegations of bad faith, harassment, and discrimination, critical evidence on the matter can only be drawn out upon cross-examination of the officials involved. The question is not the guilt or innocence of the persons charged, but whether their arrests were made and prosecutions commenced in bad faith, for purposes of harassment and in a discriminatory manner. See *Cameron* v. *Johnson,* 390 U. S. 611, 619–620, 621. If the charge that the statute was used in bad faith were shown, a federal claim would be established.[7] And it would not matter what the state courts later did, for the interim "continuing harassment" of appellants for exercising their First Amendment rights would entitle them to relief. See *Dombrowski* v. *Pfister,* 380 U. S., at 490.

For these reasons I would note probable jurisdiction, vacate the judgment below, and remand the case for a preliminary hearing on the issue of the use of a disorderly conduct statute to punish people for expression of their unpopular views.

---

allege, the statute has been purposefully or intentionally enforced against them in a discriminatory manner to suppress the ideas which they espouse, appellants could not constitutionally be convicted. See *Snowden* v. *Hughes,* 321 U. S. 1; Note, Discriminatory Law Enforcement and Equal Protection *From* the Law, 59 Yale L. J. 354 (1950). Cf. *Brown* v. *Louisiana,* 383 U. S. 131, 141–142. And see *People* v. *Darcy,* 59 Cal. App. 2d 342, 360, 139 P. 2d 118, 129 (Cal. Dist. Ct. App. 1943) (dissenting opinion). ("It is much better for society that an accused should go free, than for our criminal processes to be polluted by prosecutions founded on prejudice against and hatred for the political beliefs of the accused.")

[7] 42 U. S. C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."