UNITED STATES of America, Plaintiff,

v.

Mary Michaeleen SROKA, James Wilson Douglass, Butch Drury, Mary Ellen Fieweger, Robert George Jones, Stephen Roger Moriarty, William Amberg Murtaugh, Eileen Ann Vogt, Richard Wilson Zipfel, Defendants.

No. 69–CR–85.

United States District Court
E. D. Wisconsin.

Dec. 18, 1969.

Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow, Shellow & Coffey, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the information on the ground that they are charged with violating an unconstitutionally vague and overbroad regulation. The information charges the defendants with unwarranted loitering and assembly in the federal building in Milwaukee, in violation of 40 U.S.C. § 318a and 41 Code of Federal Regulations § 101–19.304. Section 318a gives the General Services Administration power to make "needful rules and regulations" concerning federal property. Regulation § 101–19.304 is entitled "Nuisances" and reads as follows:

"The use of loud, abusive, or otherwise improper language, unwarranted loitering, sleeping or assembly, the creation of any hazard to persons or things, improper disposal of rubbish, spitting, prurient prying, the commission of any obscene or indecent act, or any other unseemly or disorderly conduct on property, throwing articles of any kind from a building and climbing upon any part of a building, is prohibited."

The penalty provision for the violation of the above quoted regulation is found in 40 U.S.C. § 318c, which provides for a fine of not more than $50 or imprisonment not more than 30 days, or both.

Insofar as the briefs submitted in connection with the defendants' motion describe the occurrence itself, they are consistent with the general outline of the circumstances of the event which was presented at a hearing held in connection with the setting of bail. It appears that the defendants assembled in the corridor outside the selective service offices in the federal building in Milwaukee, where the defendants protested the war in Vietnam by reading the names of the war dead. Shortly before the building was to be closed to the public, namely 5:00 P.M., the defendants were instructed that they would have to leave the building. Upon their refusal to leave, they were arrested. Their guilt or innocence is not in issue upon this motion; thus the considerations here are unlike those in Brown v. Louisiana, 383 U.S. 131, 86 S.Ct. 719, 15 L.Ed.2d 637 (1966).

It has often been held that a criminal statute must be sufficiently definite to inform those who are subject to it what acts will render them liable to its penalties. Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

In my opinion, the above quoted regulation is reasonably explicit so as to give fair notice to a man of ordinary intelligence as to what is prohibited. The fact that the regulation does not itemize with particularity every possible variety of conduct which it prohibits does not make it vague for constitutional purposes. United States v. Harriss, 347 U.S. 612, 618, 74 S.Ct. 808, 98 L.Ed. 989 (1954); Jordan v. De-George, 341 U.S. 223, 71 S.Ct. 703, 95 L. Ed. 886 (1951); United States v. Ragen, 314 U.S. 513, 62 S.Ct. 374, 86 L.Ed. 383 (1942). In United States v. Woodard

and Seelig, 376 F.2d 136, 140 (7th Cir. 1967), Judge Swygert stated as follows:

> "The Constitution does not require impossible standards of specificity in penal statutes. It requires only that the statute convey 'sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.' United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877 (1947)."

Loitering by itself is not foreclosed by the regulation. Therefore, we do not have the same situation in the case at bar as was considered by such cases as Territory of Hawaii v. Anduha, 48 F.2d 171 (9th Cir. 1931) and Ricks v. District of Columbia, 414 F.2d 1097 (D.C. Cir. 1968). It is "unwarranted" loitering which is barred by the regulation, and, in my opinion, this alerts users of the building that persons in charge thereof, under proper circumstances, are authorized to limit the public's right to be present in the building.

I note that other parts of this regulation have been upheld against a challenge of vagueness in United States v. Akeson, 290 F.Supp. 212 (D.Colo.1968); there, the words "unseemly or disorderly conduct" were found not to be vague.

The United States Supreme Court considered a loitering ordinance in Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), but its resolution in that case turned on a want of evidence, rather than upon the invalidity of the ordinance. Similarly, in Gregory v. City of Chicago, 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969), a city ordinance prohibiting disorderly conduct was examined, and the action dismissed on the facts of the case, without ruling upon the validity of the ordinance. A disorderly conduct statute withstood constitutional challenge in Zwicker v. Boll, 270 F.Supp. 131 (W.D. Wis.1967), aff'd per curiam 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968). A case which held a Texas breach of peace statute invalid, University Committee to End War in Viet Nam v. Gunn, 289 F.Supp. 469 (W.D.Tex. 1968), is currently pending before the United States Supreme Court, 395 U.S. 956, 89 S.Ct. 2096, 23 L.Ed.2d 744 (1969).

The defendants also urge that the regulation is vague in connection with the words "unwarranted assembly". In my opinion, the same considerations which have been discussed above apply to the terms of the regulation which refer to assembly. See Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966). I find that the regulation is not unconstitutional either because of vagueness or of overbreadth.

■ Finally, the defendants contend that the regulation violates their rights under the first amendment of the United States Constitution. A person's constitutional rights to freedom of speech and to freedom of assembly are qualified rights. In Cox v. Louisiana, 379 U.S. 536, 555, 85 S.Ct. 453, 464, 13 L.Ed.2d 471 (1965), the court observed:

> "A group of demonstrators could not insist upon the right to cordon off a street, or entrance to a public or private building, and allow no one to pass who did not agree to listen to their exhortations."

A similar expression limiting the scope of constitutional rights in this regard is found in Adderley v. Florida, supra. In the latter case, 385 U.S. at page 48, 87 S.Ct. at page 247, the court expressly rejected the argument "that people who want to propagandize protests or views have a constitutional right to do so whenever and however and wherever they please".

■ It is not an affront (as a matter of law) to one's first amendment rights to be excluded from a federal building at the end of the business day when such building is regularly closed to the public for the night. The instant regulation, which may reasonably be applied to accomplish such exclusion, is not facially overbroad.

Now, therefore, it is ordered that the defendants' motion to dismiss the information be and hereby is denied.