**Jerome B. HANSEN, Charles V. Metz, Plaintiffs,**

**v.**

**Harold R. SHEETS, Harley Brown, Betty K. Hansen, Defendants.**

**No. 70-C-86.**

United States District Court, E. D. Wisconsin.

July 8, 1970.

Jerome B. Hansen and Charles V. Metz, pro se.

Harold D. Gehrke, Corp. Counsel, Racine County, Racine, Wis., for defendants.

### MEMORANDUM and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss the complaint on the ground that the court lacks jurisdiction and also that there is a failure to state a cause of action. The complaint alleges that male litigants involved in divorce cases are

denied fair and equal treatment in the state courts of Wisconsin, in violation of the fourteenth amendment.

One of the plaintiffs, Jerome Hansen, and one of the defendants, Betty Hansen, are parties in a state court divorce action entitled Betty K. Hansen v. Jerome B. Hansen. The defendant Brown is the attorney for Mrs. Hansen in such divorce action. The defendant Sheets is the family court commissioner for Racine county, and it is alleged in the complaint that he made several orders in connection with such matters as the payment of medical bills and temporary attorneys fees; Mr. Sheets is charged with "unconsciousinable [sic] cooperation" with Mrs. Hansen and Mr. Brown in connection with the order which required Mr. Hansen to vacate the home of the parties.

Although the complaint purports to be brought as a class action on behalf of the "Wisconsin Members of America's Society of Divorced Men, Incorporated", I have doubts that this is a proper class action. It may well be questioned whether the representation by the plaintiffs qualifies either as to adequacy of representation or as to number thereof. Knowles v. War Damage Corp., 83 U.S.App.D.C. 388, 171 F.2d 15 (1958); Hohmann v. Packard Instrument Co., 399 F.2d 711 (7th Cir. 1968). See also Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969).

In addition, there is a question of the court's jurisdiction since one of the plaintiffs and all of the defendants are residents of the state of Wisconsin, and thus, diversity is not present. Chicago Stadium Corporation v. State of Indiana, 220 F.2d 797, 798 (7th Cir. 1955). A civil rights violation is pleaded, but one is generally required to exhaust his state remedies before seeking relief in a federal court. Elmwood Properties, Inc. Conzelman, 418 F.2d 1025 (7th Cir. 1969).

While the complaint seeks injunctive relief, it is not verified or accompanied by an affidavit as contemplated in Rule 65(b), Federal Rules of Civil Procedure. Abstention is particularly appropriate when injunctive relief against state proceedings is sought. 28 U.S.C. § 2283. Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234, decided by the U.S. Supreme Court on June 8, 1970. See also 83 Har.L.Rev. 1870 (June, 1970).

Since the plaintiffs appear pro se, the court is obliged to construe the complaint in a liberal manner. Weaver v. Pate, 390 F.2d 145 (7th Cir. 1968). Therefore, I decline to dismiss the complaint on any of the several grounds discussed above; however, I find that the complaint fails to state a claim upon which relief can be granted and must be dismissed. Essentially, the plaintiffs charge that the state of Wisconsin, through its laws and judicial officers, has wronged males who are involved in divorce litigation. Although the plaintiffs urge that they have "no practical recourse against such customs, practices and usages", I am unable to accept their contention that a cause of action exists now in this court as to such allegedly unlawful practices.

Comity requires that this court permit the legislative and judicial abuses complained of to be pursued in the state courts of Wisconsin. Zwicker v. Boll, 270 F.Supp. 131 (W.D.Wis.1967), aff'd 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968). The plaintiffs have the right to appeal any adverse rulings made in the lower state courts and also can seek relief in the United States Supreme Court in the event of their dissatisfaction with the decision of the Wisconsin supreme court.

I take judicial notice that the state of Wisconsin has a comprehensive statutory system for processing divorce cases. Ch. 247, Wis.Stats. In Helmsley v. City of Detroit, 205 F.Supp. 793 (E.D. Mich.1962), aff'd 320 F.2d 476 (6th Cir. 1963), the plaintiff's complaint was dismissed, notwithstanding an alleged violation of the equal protection clause of

the fourteenth amendment, the court of appeals stating at p. 481:

"We conclude that the statutes of Michigan afforded the plaintiff an adequate and complete remedy for the adjudication of his claim that the assessment against his property is illegal and discriminatory. In pursuing this remedy he can assert his constitutional rights and have them finally determined in the Supreme Court of the United States."

See Hutter v. Haen, an unpublished order of the court of appeals for the seventh circuit, No. 17662, dated November 13, 1969.

In Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970), the United States Supreme Court recently spoke of the need to avoid "needless friction" between state policies and federal court pronouncements. The case at bar would seem to fall well within that admonition.

In view of my conclusion that the plaintiffs' complaint must be dismissed, it is unnecessary for the court to consider the defendants' alternative motion to make the complaint more definite.

Now, therefore, it is ordered that the defendants' motion to dismiss the complaint be and hereby is granted.