**John KONEN et al., Plaintiffs,**

v.

**Calvin SPICE et al., Defendants.**

**No. 69-C-632.**

United States District Court,
E. D. Wisconsin.

Sept. 3, 1970.

Cohen, Grant, Crooks & Parin, Green Bay, Wis., Greenberg, Karp & Dannenberg, Madison, Wis., for plaintiffs.

Donald B. Green, City Atty., Kaukauna, Wis., James R. Long, Dist. Atty., Appleton, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This is an action for declaratory and injunctive relief in which this court is asked to invalidate certain ordinances of the city of Kaukauna, Wisconsin.

---

14. Pltf. Exh. E, Annexed to Affid. of Nicholas J. Healy, Jr. (dated Sept. 23, 1970).

Both parties in this matter have filed motions for summary judgment.

The plaintiffs in this matter are members of a group called the "Committee for Peace". As members of a steering committee of the "Committee for Peace", the plaintiffs organized a "peace vigil" to be held New Year's Eve, 1969. They applied for a permit to hold this meeting and paid the fees necessary. They were then advised that the holding of the vigil would be contrary to certain city ordinances and that the permit as granted did not allow for the vigil to be held for the length of time or in the places that had been sought.

Although the demonstration was subsequently held despite this fact, and the plaintiffs have not been prosecuted or threatened with prosecution for holding the demonstration, the plaintiffs maintain that the ordinances in question do not contain guidelines to prevent arbitrary interpretation by city officials. The plaintiffs also contend that these ordinances will have a chilling effect on the first amendment rights of the plaintiffs and other persons similarly situated.

The defendants deny that the ordinances are overbroad and have a chilling effect on first amendment rights. The defendants argue that the right to grant permits for demonstrations falls within the traditional police powers granted to local governments.

■ The defendants also contend that there is a problem of comity in that the constitutionality of the ordinances in question may better be resolved in a state court action. There has been, however, no state court action in this matter. The latter fact distinguishes this case from Zwicker v. Boll, 270 F.Supp. 131, affirmed 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968). I believe that under Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967), this court should consider the propriety of declaratory relief. In the latter case, at p. 252, 88 S.Ct. at p. 397, the Supreme Court stated:

"These principles have particular significance when * * * the attack upon the statute on its face is for repugnancy to the First Amendment. In such case to force the plaintiff who has commenced a federal action to suffer the delay of state court proceedings might itself effect the impermissible chilling of the very constitutional right he seeks to protect."

Section 14.13(2) (a) of the ordinances of the city of Kaukauna provides that "processions or parades" are forbidden unless one obtains a written permit. Thereupon follow these ordinances:

"14.13 *Good Order in Public Places*

"(1)  *  *  *

"(2)  *  *  *

"(3) No person shall call, organize advertise to hold or hold or cause to be called, organized, advertised or held or participate in, any meeting or demonstration upon any street, square, park or other public place within the city which meeting or demonstration has not been authorized by a written permit from the Chief of Police except as provided by section (5).

"(4) (a) Written application for a permit provided in section (3) shall be filed with the City Clerk not less than 2 days before such meeting or demonstration is to be held. Such permit, if granted, shall specify the general purpose and the particular place and time when and where such meeting or demonstration is to be held. Said permit shall be denied if said gathering will materially interfere with traffic or with the customary use of said place of meeting. The reasons for such refusal shall be supplied in writing to the applicant.

"(b) Such permit shall be granted subject to the regulations adopted by the department in charge of such public place and a copy of said regulations shall be supplied by the City Clerk to each applicant for a permit.

"(c) Each applicant or applicants for a permit shall be responsible for

any damage or liability resulting from said meeting other than ordinary wear of property; but said liability shall not exceed fifty dollars provided reasonable efforts are made by said applicant to insure the maintenance of public order. A schedule of fees shall be established by the City Council to cover expenses to the city for such meetings, and no permit shall be granted until the proper fee shall have been paid. Each applicant for a permit shall also deposit the sum of ten dollars to cover any minor damages, said deposit or any balance thereof to be returned after said meeting."

Section (5), which is mentioned in section 14.13(3), refers to permission to speak in the public ball park and is not specifically involved in the case at bar.

■ It is the opinion of this court that section 14.13(3) of the Kaukauna ordinances, even as modified by section 14.13(4), is overbroad on its face and constitutes a restriction of the exercise of the first amendment rights of the plaintiffs and other persons similarly situated.

I recognize the defendants' argument that the municipal government of Kaukauna has the right to regulate the use of streets and public ways for processions and parades, but I am nevertheless of the belief that the quoted ordinances impinge excessively on the constitutionally protected right of assembly. An assembly might well be orderly and not obstructive of traffic, yet it might be deemed unlawful under the Kaukauna ordinances. As drawn, the ordinances foreclose all spontaneous assemblies.

These ordinances bar all assemblies in any place (except the public ball park) without an advance permit granted by the chief of police. I believe that such ordinances have a chilling effect upon the right of assembly, which is guaranteed by the first amendment. The ordinances leave excessive latitude for arbitrary enforcement. Under the terms

of these ordinances, one who wanted to meet with five other persons in a public park to hold an orderly demonstration could be denied permission to do so; this transcends a privilege protected by the first amendment.

The Supreme Court has noted that "* * * The threat of sanctions may deter * * * almost as potently as the actual application of sanctions * * *." N.A.A.C.P. v. Button, 371 U.S. 415, at p. 433, 83 S.Ct. 328, at p. 338, 9 L.Ed.2d 405 (1963). It went on to say, in Dombrowski v. Pfister, 380 U.S. 479, at p. 486, 85 S.Ct. 1116, at pp. 1120–1121, 14 L.Ed.2d 22 (1965), that:

"A criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms. See, e. g., Smith v. California, 361 U.S. 147 [80 S.Ct. 215, 4 L.Ed.2d 205]. When the statutes also have an overbroad sweep, as is here alleged, the hazard of loss or substantial impairment of those precious rights may be critical. For in such cases, the statutes lend themselves too readily to denial of those rights. The assumption that defense of a criminal prosecution will generally assure ample vindication of constitutional rights is unfounded in such cases."

The Supreme Court also observed in N.A.A.C.P. v. Alabama, 377 U.S. 288, at p. 307, 84 S.Ct. 1302, at p. 1314, 12 L. Ed.2d 325 (1964):

"This Court has repeatedly held that a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."

The court of appeals for this circuit has recently announced its forthright purpose of protecting first amendment rights from erosion. Kiiskila v.

Nichols, 433 F.2d 745 (7th Cir. 1970), decided August 3, 1970. At page 749 in that case, the court said:

"* * * As part of the right to engage in criticism of governmental policy, citizens also must be permitted to assemble and join together in groups to achieve their objectives. This protected right of association includes membership in groups such as Veterans for Peace, organized solely to encourage opposition to governmental policy. United States v. Robel, *supra*, 389 U.S. at 263, 88 S.Ct. 419 [19 L.Ed.2d 508]; cf. Cafeteria & Restaurant Workers Union v. McElroy, *supra*, 367 U.S. at 898, 81 S. Ct. 1743."

Also, at page 751 of such opinion, the court commented:

"* * * It is now well established, however, that constitutional guarantees of free speech and association do not permit the government to forbid or proscribe speech or other protected conduct unless that conduct is directed to inciting or producing imminent lawless action. Bradenburg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827, 23 L.Ed. 2d 430 (1969)."

The fact that the right to assemble in Kaukauna might be granted if asked for at least two days in advance does not mitigate the chilling effect of section 14.13(3) upon the first amendment assembly rights of citizens of Kaukauna.

As the issue of injunctive relief in reference to the December 31, 1969 "peace vigil" is now clearly moot, I deem it better to deny the application for injunctive relief.

However, I find that the plaintiffs are entitled to a declaratory judgment declaring sections 14.13(3) and 14.13(4) (a), (b), and (c) violative of the first amendment of the United States constitution.

It is so ordered.