83,205-01

May 7, 2015

Clerk
Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 18 2015

Abel Acosta, Clerk

RE: Reply To Order.....
    Cause No: W06-65117-I(A)

Dear Clerk,

Enclosed, please find the original copy of the Reply To Order Finding No Controverted, Previously Un resolved Factual Issues Requiring A Hearing.

Please file and bring to the attention of the court to be considered in the writ application currently pending before this court.

Respectfully,

Christian Lisangi

Christian Lisangi
#01532263
2101 FM 369 North
Iowa Park, Texas
                76367

Copy Mailed To:

District Clerk
Frank Crowley Courts Building
133 N. Riverfront, LB 12
Dallas, Texas 75207-4300

IN THE COURT OF CRIMINAL APPEALS
FOR THE STATE OF TEXAS

| EX PARTE | § | COURT OF CRIMINAL APPEALS |
|---|---|---|
| CHRISTIAN LISANGI | § | AUSTIN, TEXAS |

## REPLY TO ORDER FINDING NO CONTROVERTED, PREVIOUSLY UNRESOLVED FACTUAL ISSUES REQUIRING A HEARING

Petitioner now files this Reply in regards to the Judge of Said Court abusing his discretion, in denying the Petitioner's writ of habeas corpus without holding a hearing on the merits of the grounds raised. The Petitioner established in his writ application that there were controverted, unresolved facts in which required the trial court to hold a hearing.

The Petitioner's alleged charge in which the trial court claimed to have used to convict the Petitioner was dropped, throughby the Dallas County District Attorney dismissing the case.

This Court must remand this application back to the Court of Number Two in Dallas Count, Texas for a hearing on each ground raised.

Further, the Petitioner requested the Court to Order the STATE OF TEXAS, throughby it's representative to produce a certified copy of the certification from the State of Texas Supreme Court providing proof that the Penal Code 29.03 has been certified as being Constitutional. It appears in the record that the trial court ignored that ground, in which a statue can be challenged at any time. It the charge's penal code has not been certified as being constitutional, the court has not choice but to dismiss the case. The State of Texas has a Code of Criminal Procedure, but not one criminal law. There is no Criminal Code and not one criminal law in Texas, therefore, the charge is unauthorized, unlawful and unconstituional. Further, under the alleged Texas Law, no act or omission is a crime unless made so by statute. Dawson v. Vance, 329 F. Supp. 1320, (D.A. Tex. 1971). If there is no law, then there is no remedy at law. The law is the head of the case. There must be an injuried party for a crime to exist. In this case, there is no injuried party.

The STATE also argues that the grounds should have been raised at the appeal level. No law was ever produced stating that the Petitioner can not raise the grounds that were raised. The State's Representative was only using statues, in which the Petitioner is contesting those statues to be unconstitutional.

The Trial Court ignored the petitioner's reply and made a ruling without holding a hearing on the merits and bench warranting the Petitioner back to the court for further proceedings.

It is for the reasons above the Petitioner requests this Honorable Court to remand this case for a hearing in Dallas County, Texas. Executed on the 7th day of May, 2015.

Respectfully Submitted

*Christian Lisangi*

Christian Lisangi
#01532263
2101 FM 369 North
Iowa Park, Texas  76367

## CERTIFICATE OF SERVICE

I, Christian Lisangi, do certify that the original copy of this Reply to the Court's order .... was forwarded to the Court of Criminal Appeals, P.O. Box 12308, Austin, Texas, postage prepaid by U.S. Mail on this the 7th day of May, 2015.

*Christian Lisangi*

Christian Lisangi

Copy Mailed To:

District Clerk
Frank Crowley Courts Building
133 N. Riverfront, LB 12
Dallas, Texas  75207-4300