2. § 5(b) of the Revised Organic Act of the Virgin Islands (P.L. 89–548, § 1, 80 Stat. 371) is a valid enactment of the United States Congress;

3. The enactments of the Legislature of the Virgin Islands (Act No. 2253, approved June 26, 1968 and Act No. 2411, approved February 11, 1969) to the extent that they provided for the abolishment of the legislative district of St. John, and the consolidation of that district with the district of St. Thomas, be and the same are hereby declared null and void;

4. The plaintiffs' prayer for injunctive relief, respecting the general election to be held on November 3, 1970, be and the same is hereby denied;

5. The three legislative Districts of St. Thomas, St. John and St. Croix shall remain constituted as they were under the Act of July 22, 1954 (ch. 558, § 5(b), 68 Stat. 498) ;

6. The seat designated by the Legislature of the Virgin Islands to be filled by a resident of St. John, to be elected by the electors of the "District of St. Thomas-St. John" shall be allocated to the District of St. John and shall be elected solely by the electors of the District of St. John;

7. The six seats designated by the Legislature of the Virgin Islands, to be filled by residents of St. Thomas, to be elected by the electors of the "District of St. Thomas-St. John" shall be allocated to the District of St. Thomas and shall be elected solely by the electors of the District of St. Thomas;

8. This suit may be maintained as a class action. The class is comprised of the electors of the District of St. Croix; and

9. Jurisdiction in this cause is retained by the Court over any further proceedings herein.

Fernando Rivera ESCUTÉ, Petitioner,

v.

Gerardo DELGADO, Warden, Penitentiary of the Commonwealth of Puerto Rico, Respondent.

Civ. No. 884–69.

United States District Court, D. Puerto Rico.

June 26, 1970.

27. *See, e. g.,* Burns v. Richardson, *supra,* 384 U.S. 73, at 97, 86 S.Ct. 1286; Kirk-patrick v. Preisler, *supra,* 394 U.S. 526, at 528, 89 S.Ct. 1241.

OPINION AND ORDER

CANCIO, Chief Judge.

The matter is before us on a petition for a writ of habeas corpus filed on December 29, 1969, in which it is alleged that for the reasons therein stated, petitioner should be released from the custody of respondent, the Warden of the Penitentiary of the Commonwealth of Puerto Rico. The grounds as set forth by petitioner are the following:

1. Because, having the petitioner raised at his trial and on appeal the inadmissibility of his confession on the ground that it was obtained by the District Attorney, acting as a committing magistrate under Article 44 of the Code of Criminal Procedure of Puerto Rico [1] and the jurisprudence of the Supreme Court of Puerto Rico, said confession was inadmissible in evidence for having been elicited without the aid of counsel, without petitioner having been advised of such constitutional right, and without petitioner having waived said right expressly and intelligently, as later set forth by the Supreme Court of the United States in the cases of White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed. 2d 193 (1963) and Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed. 2d 5 (1968) and Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

2. Because, assuming that the District Attorney was not acting as committing magistrate under Article 44 and the jurisprudence of the Supreme Court of Puerto Rico when eliciting petitioner's confession, and that he was just acting as prosecutor, policeman, or detective, the confession so obtained was still inadmissible under the doctrine of Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), which is applicable to petitioner irrespective of its having been established after the final disposition of his case, inasmuch as petitioner had raised at the trial on the merits and

Santos P. Amadeo, Río Piedras, P. R., for petitioner.

Rafael E. Lebrón Oliveras, Asst. Atty., Commonwealth of P. R., Dept. of Justice, San Juan, P. R., for respondent.

---

1. The statute authorizing this procedure has since been repealed. Constitution of the Commonwealth of Puerto Rico, Article II, Section 10; López v. Superior Court, 1956, 79 P.R.R. 470.

on appeal the question of inadmissibility of his confession on the ground that he had been deprived of his right to legal counsel. Thus, no question of retroactivity or prospectivity should arise with respect to the applicability of the *Escobedo* doctrine to petitioner's case.

3. Because denial of the *Escobedo* doctrine to petitioner is then a clear miscarriage of justice, and the reversal of the judgment against him through habeas corpus lies under 28 U.S.C.A. § 2241, as now interpreted by the Supreme Court of the United States and federal courts in the following cases: Sunal v. Large, 332 U.S. 174, 67 S.Ct. 1588, 91 L.Ed. 1982 (1947); Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed. 148 (1963); Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); Kulick v. Kennedy, 157 F.2d 811 (2 Cir. 1946); In re Jackson, 61 Cal.2d 500, 39 Cal.Rptr. 220, 393 P.2d 420 (1964); United States v. Sobell, 314 F.2d 314 (1963); Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); Desist v. United States, 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). (See dissenting opinion of Justice Harlan in this case, at page 256 of 394 U.S., page 1038 of 89 S.Ct.)

4. Because, having petitioner been arrested unlawfully by police officers without probable cause that he had committed any crime, and having the State failed to justify the legality of his arrest at trial, the confession exacted from him was the product of an unlawful arrest under the cases of Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L. Ed.2d 441 (1963) and Kaufman v. United States, supra.

5. Because establishment by the Supreme Court of Puerto Rico of the rule of law of Escobedo v. Illinois in petitioner's own case, but with prospective application only, is in conflict with Article III of the Constitution of the United States as construed in the case of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), which, furthermore, constituted a suspension of the writ of habeas corpus forbidden by Article I, section 9, subsection 2, of the Federal Constitution, amounting, likewise, to the deprivation of petitioner's liberty in violation of the Due Process Clause of the Fifth Amendment to the Constitution, as well as a violation of the Eighth Amendment to the same. Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 603 (1957).

An order to show cause issued, respondent filed a return to the petition, petitioner filed his traverse and, after oral argument, the case was submitted to this Court together with extensive briefs by both parties.

The Court wishes at this point to say a word about Mr. Santos P. Amadeo, attorney for petitioner, and his indefatigable efforts on behalf of this petitioner. It was he who defended petitioner at this trial and he who took the case on appeal. It is he who, through successive legal proceedings throughout the course of more than 25 years, of which this case is no mean example, has attempted to secure his release, in the process setting legal precedents for future criminologists and students of constitutional law. Such dedication to justice and fairness deserves note by our courts and should serve as inspiration to succeeding generations of freedom-minded attorneys.

Turning now to the case before us, the Court believes that the issues in this case are reduced to one, namely, whether one who has unsuccessfully raised a constitutional point at trial, on appeal, and in collateral attacks on his conviction, is entitled as a matter of law to application of a new constitutional doctrine resolving the point in his favor, where the new rule is first stated in one of his own attempts to secure release in the State court.

Petitioner correctly states that the problem is not one of mere retrospective

application of the new doctrine. This case is complicated by the fact that petitioner had unsuccessfully raised the very point now accepted as the new rule at both his trial and on appeal. For the reasons which follow, however, we feel that this circumstance does not change petitioner's standing *vis a vis* the new rule.

Petitioner was sentenced on January 26, 1944 to life imprisonment after being convicted by a jury of first degree murder. His conviction was affirmed on appeal. At the trial, petitioner objected to the admission into evidence of his confession, on the ground, as previously stated, that it was taken from him without his having been informed of his right to counsel in the preliminary investigation. The Supreme Court of Puerto Rico ruled adversely to petitioner on this point on appeal. In 1958, he raised the point in a habeas corpus proceeding in the Commonwealth courts, but his petition was again rejected by the Supreme Court of Puerto Rico, which distinguished the case of In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957), on which he had originally based his case, and the cases of Crooker v. California, 357 U.S. 433, 443, 78 S.Ct. 1287, 2 L.Ed.2d 1448 (1958) and Cicenia v. La Gay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958), which were decided while his petition was before the Commonwealth Supreme Court, and which petitioner cited in a supplemental brief thereto. Finally, in 1965, in another petition for writ of habeas corpus filed by petitioner in the local courts, the Supreme Court of Puerto Rico overruled its prior jurisprudence in the area, particularly its reasoning in petitioner's appeal from conviction, and, in the case of Rivera Escuté v. Delgado, 92 P.R.R. 746 (1965), established in Puerto Rico the doctrine enunciated by the United States Supreme Court in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). However, in so doing, it refused to apply the new rule retroactively to petitioner himself, and

denied his petition. The Puerto Rico Supreme Court found authority for its refusal in Justice Clark's opinion in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

■ As stated above, petitioner claims that the Puerto Rico Supreme Court's ruling is unconstitutional. As a matter of fact, however, petitioner has admitted both in his traverse and in his brief of December 29, 1969 that a state court may, in its discretion, refuse to apply its new rule to the parties of the case before it. This is what the Puerto Rico Supreme Court did in Rivera Escuté v. Delgado, supra. Exercising this discretion, one way or the other is not our prerogative. It is only in the province of the Court that sets out what is to be the law, in this case, the Supreme Court of Puerto Rico. That Court used its discretion in a specific manner. We are not at liberty to disturb its holding in this respect. In fact, as a matter of law, we do not have the authority to pass on the highest Commonwealth Court's action.

■ There is one collateral, though very important, issue that must be discussed. Petitioner is asking this Court, *qua* federal court, to apply directly to him the *federal* constitutional doctrine of the *Escobedo* case. This is to be distinguished from asking us to hold the Supreme Court of Puerto Rico in error for having refused to apply *its* new constitutional doctrine, announced in Rivera Escuté v. Delgado, to petitioner. Whether to apply or not to apply its new constitutional doctrines retroactively, or even to the case in which they are announced, is, as we have seen, a discretionary matter with the Puerto Rico Supreme Court, as it is with any State court.

We hereby take notice of the following pronouncements by the Supreme Court of Puerto Rico. In Rivera Escuté v. Delgado, it said:

"It is a historical fact that the Federal Constitution, even under the pre-

vious systems of delegated powers, has not governed in Puerto Rico by its own force and effect, nor were its provisions \* \* \* extended by congressional action to be effective here directly." 92 PRR at 755.

And then, after a quotation from R. C. A. v. Government of the Capital, 91 P.R.R. 404 (1964), it concluded:

"Thus, even if the Sixth Amendment may not by itself govern in Puerto Rico, and even if we are not one of the fifty states of the Union, the Commonwealth of Puerto Rico, by reason of the foregoing, should enjoy in its full force the enlarged protection guaranteeing the right to have assistance of counsel afforded by Escobedo v. Illinois, 92 PRR at 756."

As it can readily be seen, the *Escobedo* and similar doctrines are not applied in Puerto Rico, as they are in the States of the Union, as emanating from the Federal Constitution. On the contrary, and thinking now of our case, it was the Supreme Court of Puerto Rico, interpreting the Constitution of the Commonwealth, that created, or rather, adopted, its own Escobedian doctrine. And, in so doing, it chose to apply it prospectively, leaving out of its scope even the defendant in whose case the doctrine was announced—petitioner herein—in spite of the fact that he timely raised the point long before anything like Escobedo ever came before the Supreme Court of the United States.

We are called to apply the new doctrine to this petitioner. That we cannot do. We might disagree with the wisdom of the Commonwealth Supreme Court policy regarding the way in which it applies its new doctrines, but we are not at liberty to disturb it.

Therefore, the petition is hereby denied.

It is so ordered.