**Juan Antonio RODRÍGUEZ RIVERA, Plaintiff,**

v.

**Hon. William Santana MAIZ, Judge, District Court, Río Piedras Part, et al., Defendants.**

**Pedro Medina NIEVES, Plaintiff,**

v.

**Hon. William Santana MAIZ, Judge, District Court, Río Piedras Part, et al., Defendants.**

**Civ. Nos. 540–70, 489–70.**

United States District Court, D. Puerto Rico.

April 15, 1971.

Arturo Aponte-Pares, San Juan, P.R., for plaintiff.

Peter Ortiz, Sol. Gen., Commonwealth of Puerto Rico, San Juan, P. R., for Gilberto Gierbolini.

## OPINION AND ORDER

CANCIO, Chief Judge.

Plaintiffs herein filed Petitions urging this Court to grant them injunctive relief, convene a Three Judge Court (28 U.S.C.A. 2281) and issue a declaratory judgment (28 U.S.C.A. 2201). All of these remedies are sought on the basis that their civil rights, as guaranteed by 42 U.S.C.A. 1983, would be violated if the criminal proceedings already initiated by the Commonwealth of Puerto Rico authorities be permitted to continue. Both of them contend that Rule 159 of the Rules of Criminal Procedure of Puerto Rico is unconstitutional in that it permits the presiding Judge in the District Court to act both as a judge and a prosecutor. They also claim that their constitutional rights will be violated because under the local statutes they don't have the right to be tried by a jury.

After this Court issued Orders to Show Cause against the Defendants, the latter filed their Answers and asked for the dismissal of the complaints on the grounds that (a) a United States District Court is barred under 28 U.S.C.A. 2283 from staying proceedings already begun in state courts, (b) injunction does not proceed where, as here, the petitioners have an adequate legal remedy in the state courts, (c) plaintiffs have not shown that they would suffer a grave and irreparable injury which would merit the granting of the equitable remedies

sought, (d) no grounds exist for the issuance of a declaratory judgment, and (e) in any event we should abstain from intervening in the matters raised by the Petitioners.

The parties submitted memorandums in support of their contentions and a hearing was held at which the motion to dismiss was argued. Upon consideration of the allegations, this Court makes the following findings:

Informations were filed against plaintiffs on June 11, 1970 in the District Court of the Commonwealth of Puerto Rico, Río Piedras Part, charging them with violations of Art. 4 of the local Weapons Law, a misdemeanor, 25 L.P. R.A. § 414. The cases were set for trial on June 29, 1970, at which time the defendants, through their counsels, moved for a continuance on the grounds that they were not prepared to defend themselves. The trial was continued till August 3, 1970. Plaintiffs did not move for a trial by jury, ask that the evidence against them be presented by a district attorney nor did they question the jurisdiction of the local court. Instead they elected to file these actions before this Court.

According to the Rules of Criminal Procedure of Puerto Rico, in the event that plaintiffs be convicted by the District Court, they have the right to appeal to the Superior Court, which would hear the case either through a transcript of the record or the District Court judge's notes; or they could ask for a trial *de novo*—Rule 216. If the Superior Court upholds the convictions, they can appeal to the Supreme Court as a matter of right if a trial *de novo* is held, or file a Petition for Certiorari, if the Superior Court reviews on the record—Rules 193 and 217 as amended; Law No. 14 of May 30, 1969, 4 L.P.R.A., § 37. From a judgment against them by the Supreme Court, they have the right to seek ultimate review by the Supreme Court of the United States. 28 U.S.C.A. 1258.[1]

Upon these facts, we do not have sufficient grounds to exercise our discretion in favor of plaintiffs and thus interfere with and halt proceedings already begun in the Commonwealth's courts.

In Richardson v. Dudley, 295 F.Supp. 181, U.S.D.C. S.D.N.Y. (1969), a three judge court refused to issue injunctive and declaratory relief sought by plaintiffs who argued that they had a right to trial by jury on the New York courts since, in their view, Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), afforded them that right. The New York trial courts rejected their contention and they brought the federal actions. In dismissing the actions, the three judge court pointed out that the denials of their motions would be appealable if and when they would be convicted following trial without a jury. The court held that the merits of their claims was about to be decided by the local courts. Therefore, the court held that:

"* * * This means an equally prompt and potentially more comprehensive decision by a high Court which is not only sworn to uphold the Federal Constitution, but is equipped with knowledge and power we lack respecting the meaning and effect of the State's own statutes. It means equally prompt access to the Supreme Court of the United States if the federal objections presented here should survive the State's swift and orderly disposition of its own criminal business."

The Court went further on to hold that plaintiffs lacked grounds for the extraordinary injunction they sought. The following reasoning is also prevailing in the case before us.

"* * * It is settled that such exceedingly rare intrusions upon the state criminal process are permissible only 'in those exceptional cases' where the intervention is required 'to prevent irreparable injury which is clear and

---

1. Under the provisions of Rule 215 they could even bypass the Superior Court stage by filing a Petition For Certification.

imminent'—or, more precisely, where such 'danger of irreparable injury' is 'both great and immediate.' Douglas v. City of Jeannette, 319 U.S. 157, 163, 164, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), and cases cited. That basic principle has been steadily reaffirmed down to the present moment. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951); Dombrowski v. Pfister, 380 U.S. 479, 485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 253, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Cameron v. Johnson, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182 (1968); Pugach v. Dollinger, 277 F.2d 739 (2d Cir. 1960), aff'd 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678 (1961); Zwicker v. Boll, 270 F.Supp. 131 (W.D.Wis.1967), aff'd 391 U.S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968). It is enough, without reaching other difficulties the plaintiffs confront, to require dismissal of their complaint.

The very statement of what plaintiffs assert as a danger of 'irreparable injury' demonstrates that they misconceive the relevant meaning of 'injury' and, more certainly, that the dangers they foresee are in no apposite sense 'great and immediate.' They say they may be convicted (as may any defendant); they may be imprisoned pending appeal (as may some defendants, subject to the power of a Supreme Court Justice to decree otherwise); and they may serve untenably long sentences before they can achieve vindication of their asserted rights to jury trials. It is obvious, of course, that none of these possibilities is an 'immediate' threat; for some or all the plaintiffs, none of these things may ever come to pass. Still more significantly, such possibilities exist in the case of every state criminal defendant who asserts some non-frivolous federal constitutional ground upon which the charge against him or his trial may prove invalid. And it is clear that the presence of such contingencies is insufficient ground for denying to the States their power to complete their goodfaith criminal prosecutions without interference from federal district courts, subject only to review by the Supreme Court on asserted federal questions. Cf. Stefanelli v. Minard, supra, 342 U.S. at 123–124, 72 S.Ct. 118." [2]

Said reasoning was recently adhered to by the Supreme Court of the United States in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Court decided that injunctive relief does not lie to stay pending criminal proceedings where no irreparable injury, which is both great and immediate, exists. It held that the mere fact that a petitioner will be subject to the cost, anxiety and inconvenience of having to defend against a single prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, it points out, the threat to the plaintiff rights must be one that cannot be eliminated by his defense against a single state prosecution.

In applying the above norm to the specific case before it, the Court held that the injury that Harris faced was solely " 'that incidental to every criminal proceeding brought lawfully and in good faith' Douglas, supra, and therefore under the settled doctrine we have already described, he is not entitled to equitable relief 'even if such statutes are unconstitutional'." Id. at 49, 91 S.Ct. at 753.

On that same date the Court followed its rule in the decisions rendered in Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 and Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792.

Plaintiffs herein have not even alleged that they will be subject to an irrepara-

2. See Benoit v. Gardner, 1 C.A., 351 F.2d 846.

ble injury which is both great and immediate. The Petitions filed only allege that their "rights as an American Citizen as guaranteed by the Constitution of the United States and Equal Protection and Due Process clause, which are applicable to the Commonwealth of Puerto Rico, and his Civil Rights as guaranteed in 42 U.S.C.A. 1981, et seq., will be deprived unless this Honorable Court assumes jurisdiction." (Allegation No. 4 of Petitions)

Since plaintiffs have not proved that they will suffer irreparable injury if local proceedings are allowed to continue, and since these proceedings provide an adequate remedy to press their federal claims,[3] this Court, in the exercise of its discretion, denies the injunctive relief sought.[4]

■ As to the declaratory judgment relief, it is settled law that the same reasons precluding an injunction require denial of declaratory relief as well. Samuels v. Mackell, *supra*, expressly passed upon that question, adhering to that principle and dismissing the complaints. Richardson v. Dudley, *supra*, 795 F.Supp. at page 186. It should be granted only as a matter of judicial discretion, exercised in the public interest. Eccles v. Peoples Bank, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948); Public Affairs Press v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604.

We have already found that plaintiffs have adequate remedies in the local courts, which have not been exhausted, to make their claims, both local and federal.

Of overriding importance is the fact that the Supreme Court of Puerto Rico has not yet passed upon the claims made by plaintiffs.

As to judge-prosecutor issue, the Court has not had the occasion of interpreting Rule 159, as amended by Law 49 of June 15, 1966, which awards the right of a trial *de novo* to all persons convicted in the District Court. In the case which held that the previous procedure was unconstitutional, Figueroa Ruiz v. Delgado, 359 F.2d 718 (1 C.A., 1966), the Court said in footnote 7 that:

"We do not take account of certain magistrates courts from which a dissatisfied defendant can, by appeal, obtain a trial de novo. e. g., La.Const. Art. VII, § 36; La.Laws Title 13, § 1896. Such remedy may, or may not, be thought to protect the original trial from local appellate criticism, cf. Application of Borchert, 1961, 57 Wash.2d 719, 359 P.2d 789 (4–3 opinion), but we believe it at least removes the constitutional objections."

As we pointed out, the local courts have not yet passed upon the validity of Rule 159, as amended.

The same is also true as to the right to jury claim. The local Supreme Court has not directly or indirectly passed upon the applicability to Puerto Rico's criminal proceedings on the doctrines established by the United States Supreme Court in Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) and Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).[5] The

---

3. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951), a case raising as the one before us, a claim of procedural due process. The court held that injunctive relief was not appropriate. Cited with approval in Perez v. Ledesma, supra.

4. It is thus unnecessary to resolve the open question referred to in Valentin Pérez v. Gil, etc., Civil No. 695–69 Memorandum and Order of March 31, 1970, as to whether an action under 42 U.S.C.A. 1983 is one of the express exceptions allowed by the anti-injunction act. 28 U.S.C.A. 2283. In *Younger* and its com-

panion cases the Court refused to pass upon this question. See Justice Stewart's concurring opinion at 401 U.S. 54, 91 S.Ct. 756.

5. In People v. Martinez Nevárez, Ref. C.A. 70–116, decided on June 30, 1970, the Supreme Court of Puerto Rico held that the *Baldwin* decision, if applicable to Puerto Rico, would not apply to cases heard before June 22, 1970. It expressly reserved the question whether the *Duncan* and *Baldwin* decisions apply to the local system of trial without jury in misdemeanor cases.

Court could adopt those doctrines, refuse to apply them, or fashion its own rules, which could conceivably remove any federal constitutional objection. Cfr. Escuté v. Delgado, U.S.D.C.P.R. 317 F. Supp. 234, 238 (1970).

Wherefore, the petition for the granting of a temporary injunction is hereby denied; the request for the convening of a three judge court is denied; the petition for a declaratory judgment is also denied.[6]

6. In view of the result reached, we do not have to pass upon the question raised by defendants as to whether or not this is a proper case to abstain and stay these proceedings. But see, Fornaris v. Ridge Tool Co., 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970), in which the Supreme Court held that federal courts should abstain from interpreting and passing upon the validity of Commonwealth statutes, till the Supreme Court of Puerto Rico had done so. C. F. Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515, decided January 19, 1971, by the U. S. Supreme Court.