William G. SCHELLENBERGER, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

Harold A. BREIER, Individually and as Chief of Police of the City of Milwaukee, Wisconsin; E. Michael McCann, Individually and as District Attorney for Milwaukee County, Wisconsin, and their agents, assistants, assigns, attorneys, employees, successors, and all persons acting in concert or cooperation with them or at their direction or under their control, Defendants.

Civ. A. No. 70-C-495.

United States District Court,
E. D. Wisconsin.

April 2, 1971.

Shellow & Shellow, Milwaukee, Wis., for plaintiff.

Joseph E. Tesch, Asst. Dist. Atty., Milwaukee, Wis., for defendant E. Michael McCann.

Thomas E. Hayes, Asst. City Atty., Milwaukee, Wis., for defendant Harold A. Breier.

OPINION AND ORDER
DISMISSING COMPLAINT

REYNOLDS, District Judge.

This is an action challenging the constitutionality of a Wisconsin criminal statute regulating the use and possession of marijuana and other like substances. The plaintiff here is a defendant in a pending state court prosecution under the statute at issue.

Plaintiff brings this action contending, on his own behalf and behalf of all others similarly situated, that § 161.-30(12) (a), Wisconsin Statute (1969), is unconstitutional on its face and as applied. The plaintiff seeks both declaratory and injunctive relief. Among other contentions, plaintiff contends that § 161.30(12)(a) on its face, and his prosecution under it, violate his rights to freedom of expression, communication,

thought, and inquiry as well as rights of individual privacy as protected by the First, Fourth, Ninth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is claimed under 28 U.S.C. § 1343, and it is claimed that the action is authorized by 42 U.S.C. § 1983.

Because plaintiff seeks preliminary and permanent injunctive relief regarding the operation and enforcement of § 161.30(12) (a), a state statute of state-wide applicability, plaintiff has properly requested that this court convene a court of three judges to hear the merits of the case pursuant to 28 U.S.C. § 2281. This court requested briefs from the parties on the issue of whether plaintiff's constitutional allegations meet the requisites of substantiality necessary to the convening of a three-judge court. Alvarado v. Schmidt, 317 F.Supp. 1027, 1031 (E.D.Wis.1970). However, for the reasons stated below, I do not now reach the issue of the "substantiality" of plaintiff's constitutional contentions and I express no opinion whatsoever as to their substantiality for the purpose of convening a three-judge court. I have concluded, in light of recent United States Supreme Court decisions rendered during the pendency of this action, that the request for the convening of a three-judge court must be denied and the case dismissed.

■ On February 23, 1971, the Supreme Court decided Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and five companion cases dealing with the general area of federal court consideration of constitutional questions which are involved in ongoing state court criminal prosecutions.* In *Younger,* the Supreme Court declared as a matter of policy that federal courts should not interfere in ongoing state criminal prosecutions absent unusual circumstances. Plaintiff here is a defendant in a pending state criminal prosecution. Plaintiff having failed on the basis of the present record, in my view, to state unusual circumstances warranting federal court interference with his state prosecution under Younger v. Harris and the other cases cited above, I believe that I cannot request the convening of a three-judge district court.

■ The reason for the convening of a three-judge district court under 28 U. S.C. § 2281 and § 2284 is to consider claims for injunctive relief against the operation and enforcement of a state statute. Since there is a pending state criminal prosecution in this case, the three judges would not be able to issue an injunction under the recent cases noted above. Hence, I believe it is my duty as a single judge to refuse the request of the plaintiff for the convening of a three-judge court.

■ Likewise, I believe that any further action by this court acting as a single judge would be inappropriate at the present time. Injunctive relief in a case such as this can be granted only by a court of three judges. While this court has the power as a single-judge district court to grant certain other relief, such as declaratory relief, I believe that such action would be inappropriate in this case at this time. In Samuels v. Mackell, supra, the Supreme Court indicated that in cases where injunctive relief is improper, under the policy set forth in *Younger* and the other cases decided with it, a federal court usually should also refrain from rendering declaratory relief.

Therefore, I believe that plaintiff's complaint must be dismissed with the plaintiff free, as was evidently contem-

* Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L. Ed.2d 696 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); and Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971).

**892**

plated in *Younger, Boyle,* etc., supra, to raise his constitutional objections to the statute and his prosecution under it in the courts of the State of Wisconsin.

Therefore, on the basis of the foregoing and the entire record herein,

It is ordered that the complaint in the instant case be and it hereby is dismissed.