**Charles MARSEO, individually and d/b/a "Mr. Chuck's," Plaintiff,**

**v.**

**Robert C. CANNON et al., Defendants.**

**Civ. A. No. 71–C–83.**

United States District Court,
E. D. Wisconsin.

May 21, 1971.

Harry F. Peck and Gary A. Gerlach, Milwaukee, Wis., for plaintiff.

William A. Platz, Asst. Atty. Gen., Madison, Wis., for defendant, Robert C. Cannon.

Lee Edward Wells, Asst. Dist. Atty., Milwaukee, Wis., for defendant, E. Michael McCann.

Patricia Blankenheim, Anne Colla, Diane Seebruck, Lois Waier, Julia Hilety, defendants appearing pro se.

## OPINION AND ORDER DISMISSING COMPLAINT

REYNOLDS, District Judge.

This is an action challenging the constitutionality of certain Wisconsin statutory provisions dealing with nuisances. Plaintiff seeks the convening of a three-judge court pursuant to Title 28 U.S.C. § 2281 to consider his claims relating to the unconstitutionality of §§ 280.09 and 280.10 of the Wisconsin Statutes.[1] The plaintiff seeks declaratory and injunctive relief in addition to damages.

Plaintiff is the proprietor of a tavern in West Allis, Wisconsin, which features "topless" dancing as entertainment for

---

1. "280.09 *Bawdyhouses declared nuisances.* Whoever shall erect, establish, continue, maintain, use, occupy or lease any building or part of building, erection or place to be used for the purpose of lewdness, assignation or prostitution, or permit the same to be used, in the state of Wisconsin, shall be guilty of a nuisance and the building, erection, or place, in or upon which such lewdness, assignation or prostitution is conducted, permitted, carried on, continued or exists, and the furniture, fixtures, musical instruments and contents used therewith for the same purposes are declared a nuisance, and shall be enjoined and abated.

"280.10 *Disorderly house, action for abatement.* Whenever a nuisance, as defined in s. 280.09, exists the district attorney or any citizen of the county may maintain an action in the circuit or county court in the name of the state to abate the nuisance and to perpetually enjoin every person guilty thereof from continuing, maintaining or permitting such nuisance. All temporary injunctions issued in such actions begun by district attorneys shall be issued without requiring the undertaking specified in s. 268.06, and in actions instituted by citizens it shall be discretionary with the court or presiding judge to issue them without such undertaking. The conviction of any person, of the offense of lewdness, assignation, or prostitution committed in the building or part of a building, erection or place shall be sufficient proof of the existence of a nuisance in such building or part of a building, erection or place, in an action for abatement commenced within 60 days after the conviction."

its patrons. The district attorney of Milwaukee County and four female citizens of West Allis have instituted proceedings in state court under §§ 280.09 and 280.10 aimed at plaintiff's topless entertainment. Plaintiff seeks to challenge these state court proceedings in the instant action commenced under the Civil Rights Act, 42 U.S.C.A. § 1983.

Plaintiff contends that topless dancing, as it takes place in his etablishment, is protected activity under the First Amendment to the Constitution. He contends that §§ 280.09 and 280.10 of the Wisconsin Statutes are unconstitutional on their face and/or as applied to the topless dancing at issue.

In addition to the convention of a three-judge court to hear the case on its merits, plaintiff sought a temporary restraining order pending the convening of that court. This court having declined to issue the temporary restraining order, the remaining issue is whether a court of three judges should be convened pursuant to 28 U.S.C. § 2281. For the reasons which motivated this court to decline to issue a temporary restraining order, discussed below, I conclude that a three-judge court should not be requested and that the complaint should be dismissed.

The threshold issue is whether or not this court may properly interfere with state court proceedings such as these in light of recent pronouncements of the United States Supreme Court.

On February 23, 1971, the Supreme Court decided the case of Younger v. Harris along with five companion cases.[2] In *Younger* and the other cases decided that day, the Supreme Court enunciated the broad policy that federal courts should not, absent unusual circumstances, interfere in any manner with ongoing state criminal prosecutions. The issue presented by the instant case is whether *Younger* applies so as to foreclose this court from taking action.

Plaintiff argues that *Younger* does not control this action because *Younger* only applies to criminal prosecutions and the instant state court proceedings are civil. Defendants argue that the particular nature of the civil action here requires that it be deemed as falling within the reach of *Younger*. I am inclined to agree with defendants on this issue, although the issue is not without some difficulty.

In my view, *Younger* did not decide whether the principles announced therein should apply to civil cases.[3] However, while I am presently of the view that *Younger* probably does not automatically apply to state court civil cases, I believe that the particular nature of the civil proceedings presented here is within the intended reach and scope of the policy announced in the *Younger* cases.[4]

Plaintiff next argues that even if the instant case is deemed as falling within the scope of *Younger*, action by this court is nevertheless proper even under *Younger*.

Plaintiff argues that he is subject to multiple litigation; that he cannot adequately vindicate his constitutional rights through defense of single state court prosecution. Although it appears that the same activity on the part of plaintiff has occasioned his defending

---

2. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696 (1971); Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S. Ct. 777, 27 L.Ed.2d 792 (1971); and Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971).

3. See concurring opinion of Justice Stewart in Younger v. Harris, 401 U.S. 37, 54, 91 S.Ct. 746, 756, 27 L.Ed.2d 669, 681 (1971).

4. State statutes are involved. The sections at issue provide that the action be brought in the name of the state. It appears from the terms of the statute that it is intended to reach criminal conduct—that it is intended as a sort of equity remedy against criminal conduct.

himself in two state court actions,[5] I do not believe that the type of multiple litigation presented by this case constitutes the type of irreparable injury under *Younger* which properly warrants federal court interference with the state proceedings. Under the policy enunciated in *Younger,* either of the two lawsuits in which plaintiff is involved in state court should afford him an adequate forum and opportunity to vindicate his claimed deprivation of constitutional rights.

However, plaintiff argues further that if he does not obtain federal court relief, he will sustain irreparable injury because he cannot obtain relief from the state courts of Wisconsin. This argument is predicated upon the assertion that the interpretation of federal constitutional law regarding the regulation of obscenity is different in Wisconsin state courts than it is in United States district courts in Wisconsin.

Plaintiff contends that the only legitimate state interests a state may permissibly pursue in regulating obscenity are: (1) keeping obscenity from children, and (2) keeping obscenity from unwilling adults.[6] Plaintiff's challenge to the statute in this regard, stated in its simplest form, is that the topless dancing at issue in this case is kept from children and unwilling adults; therefore, the statute may not permissibly sweep this dancing within its sanctions even if the dancing is assumed to be obscene.

Plaintiff points to the recent Wisconsin Supreme Court case of Wisconsin v. Amato, 49 Wis.2d 638, 183 N.W.2d 29 (1971), as rejecting the proposition that

the state may permissibly regulate obscenity only by keeping it from children and all unwilling adults. Plaintiff thus argues that it would be "futile" to present his claims concerning the overbreadth of the present statute vis a vis obscenity to the Wisconsin courts and, therefore, he is made to suffer irreparable injury if this court does not act to afford him relief.

I do not now decide whether differing interpretations of the Constitution among state and federal courts in the same jurisdiction would ever constitute irreparable injury under *Younger* sufficient to warrant federal court action while state court proceedings are pending. That issue need not be reached in this case because very recent Supreme Court decisions appear to radically undercut the constitutional contentions regarding the permissible sphere of state regulation of obscenity which form the basis of the plaintiff's "futility" arguments.[7]

While this case has been pending, the United States Supreme Court decided the cases of United States v. Reidel, 402 U.S. 351, 91 S.Ct. 1410, 28 L.Ed.2d 813 Thirty-Seven (37) Photographs, 402 U.S., 363, 91 S.Ct. 1400, 28 L.Ed.2d 822 S. ——, 91 S.Ct. 1400, 28 L.Ed.2d 822 (May 3, 1971). In *Reidel,* the Supreme Court upheld the constitutionality of Title 18 U.S.C. § 1461 which prohibits use of the mails for delivery of obscene material. The court below, on the basis of Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969), had held that § 1461 was unconstitutional as applied " 'where obscene material is not

---

5. On January 29, 1971, this court granted a temporary restraining order enjoining the City of West Allis from proceedings against the plaintiff's topless dancing under § 6.02(12) of the ordinances of the City of West Allis.

6. United States v. B & H Distributing Corp., 319 F.Supp. 1231 (W.D.Wis. 1970) ; United States v. Orito (E.D.Wis. 1970).

7. It should be noted that prior to these recent decisions, there was considerable

support for plaintiff's constitutional contentions regarding the legitimate sphere of state regulation of obscenity. In reaching determinations as to the likelihood of probable success in several requests for temporary injunctive relief prior to the instant case, this court subscribed to the views of the District Court for the Western District of Wisconsin and another branch of this court in *B & H* and *Orito,* supra.

directed at children, or it is not directed at an unwilling public, where the material such as in this case is solicited by adults * * *.' " *Reidel,* supra, 91 S. Ct. at 1412. The Supreme Court held that the lower court has given *Stanley,* supra, too broad an interpretation. In part III of the opinion, entitled a "post-script," the *Reidel* court stated:

> "It is urged that there is developing sentiment that adults should have complete freedom to produce, deal in, possess, and consume whatever communicative materials may appeal to them and that the law's involvement with obscenity should be limited to those situations where children are involved or where it is necessary to prevent imposition on unwilling recipients of whatever age. The concepts involved are said to be so elusive and the laws so inherently unenforceable without extravagant expenditures of time and effort by enforcement officers and the courts that basic reassessment is not only wise but essential. This may prove to be the desirable and eventual legislative course. But if it is, the task of restructuring the obscenity laws lies with those who pass, repeal, and amend statutes and ordinances. *Roth* and like cases post no obstacle to such developments." *Id.,* at 1413.

In *Thirty-Seven (37) Photographs,* supra, the Supreme Court upheld the constitutionality of Title 19 U.S.C. § 1305(a), dealing with the importation of obscene material, against challenges, successful below, based in part on Stanley v. Georgia, supra. In dealing with that portion of the claimant's argument based upon *Stanley,* the Court stated 91 S.Ct. at 1408: "The trial court erred in reading *Stanley* as immunizing from seizure obscene materials possessed at a port of entry for the purpose of importation *for private use.*" (Emphasis supplied.) They went on to state in conclusion: "As we held in Roth v. United States, 354 U.S. 476 [77 S.Ct. 1304, 1 L. Ed.2d 1498] (1957), and reiterated today in *Reidel, ante,* obscenity is not

within the scope of first amendment protection."

■ It seems rather clear that plaintiff's argument that obscenity enjoys first amendment protection in certain contexts (such as this case) because the state may permissibly only regulate obscenity by keeping it from children and unwilling adults will not at this time be successful either in state or federal courts. It follows that plaintiff does not establish irreparable injury by attempting to demonstrate that the state courts of Wisconsin will not hear his contentions in that regard.

■ Plaintiff alleges that defendants are acting in "bad faith." The record does not support the plaintiff's assertion that defendant McCann is engaged in a "vendetta" against plaintiff. Defendant McCann's having instituted the instant state court proceedings subsequent to this court having enjoined the West Allis officials from prosecuting plaintiff for an ordinance violation does not, in my view, amount to legal bad faith.

I have considered plaintiff's arguments that this court could act "in aid of its jurisdiction" under Title 28 U.S.C. § 2283, and I find them to be unpersuasive.

■ In sum, I have concluded that Younger v. Harris, supra, and the other cases decided February 23, 1971, by the Supreme Court control this case. I believe this to be so because of the particular nature of the state proceeding involved herein. I therefore believe that federal court interference of any kind with the state court proceedings would be improper. Accordingly, I believe that plaintiff's request for the convening of a three-judge court must be denied since it is my opinion that the three judges could not properly take any action once convened. Schellenberger v. Breier, 327 F.Supp. 890 (E.D.Wis.1971). Likewise, I believe that further action by this court acting as a single judge district court would be inappropriate for the same reasons. Therefore, I believe that plaintiff's complaint must be dismissed.

The foregoing constitutes my findings of fact and conclusions of law for the purposes of Rule 52(a) of the Federal Rules of Civil Procedure.

Therefore, on the basis of the foregoing and the entire record herein,

It is ordered that the plaintiff's request for the convening of a three-judge court be and it hereby is denied.

It is further ordered that the plaintiff's complaint be and it hereby is dismissed without prejudice.