Joe **PEDERSON**, Individually and as President of Seven Chances, Inc., a Wisconsin Corporation, d/b/a Bang Bang Club, and Debbie Phillips, Plaintiffs,

Francine Klinker and John Kondos, Plaintiffs,

v.

Harold A. **BREIER**, Individually and as Chief of Police of the City of Milwaukee, Wisconsin, et al., Defendants.

Civil Action Nos. 71–C–37, 71–C–46.

United States District Court, E. D. Wisconsin.

May 25, 1971.

Marvin Resnick, Milwaukee, Wis., for plaintiffs Joe Pederson and others.

William M. Coffey, Milwaukee, Wis., for plaintiffs Francine Klinker and others.

Joseph H. McGinn, Asst. City Atty., Milwaukee, Wis., for defendant Harold A. Breier.

E. Michael McCann, Dist. Atty., and Lee Edward Wells, Asst. Dist. Atty., Milwaukee, Wis., for defendant E. Michael McCann, Individually and as District Attorney for Milwaukee County, for his Agents, etc.

## OPINION AND ORDER

REYNOLDS, District Judge.

These two actions involve a challenge to the constitutionality of the Wisconsin disorderly conduct statute, § 947.01(1), Wisconsin Statutes, after criminal prosecution of the plaintiffs had been commenced by the defendants. The plaintiffs are entertainers and proprietors of establishments in Milwaukee, Wisconsin, which feature "topless" dancing as entertainment. Defendants are law enforcement officials of the City and County of Milwaukee.

Section 947.01(1) is challenged as being unconstitutionally vague and overbroad as well as unconstitutional as applied to these plaintiffs. Both injunctive and declaratory relief is sought, and the complaints request the convening of a three-judge court pursuant to 28 U.S. C. § 2281 to hear each case on its merits.

Based upon a stipulation entered into by the attorneys for all parties involved, this court entered an order April 19, 1971, consolidating the two instant cases.

The history and underlying facts of both cases are set forth in adequate detail in the written opinions entered by this court on February 5 and February 9, 1971, which are attached to this opinion and order as appendices. In the orders of February 5 and February 9, 1971, this court temporarily enjoined the state criminal prosecution of both plaintiffs pending a resolution of their con-

stitutional challenge to the statute in this court.

On February 23, 1971, the United States Supreme Court decided the case of Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971), and five companion cases.[1] In *Younger*, the Supreme Court enunciated the broad policy, based upon the doctrine of comity, that federal courts should not interfere in any manner with ongoing state criminal prosecutions except under extraordinary circumstances.

On April 8 and April 13, 1971, defendants filed motions with this court seeking to have the temporary restraining orders vacated and the instant actions dismissed. The primary basis of these motions appears to be the Supreme Court decisions of February 23, 1971, noted above.

Plaintiffs have been afforded an opportunity to brief the issues presented by defendants' motions and plaintiffs Pederson and Phillips have done so. These plaintiffs contend that defendants' motions should be denied notwithstanding the *Younger* cases, supra. I find that plaintiffs' contention in this regard is without merit. I believe that *Younger* squarely controls the instant cases.

■ In their complaints, all plaintiffs alleged "bad faith" enforcement of § 947.01(1) by defendants. These allegations are advanced in conclusory fashion. From the record, thus far established, I believe these allegations of "bad faith" to be wholly unsupportable. Plaintiffs Phillips and Pederson rely heavily on the fact that defendant McCann made an arrest under § 947.01(1) while this court was in the process of deciding whether to grant plaintiffs' request aimed at enjoining defendant McCann from enforcing a different statute.[2]

That plaintiffs chose not to await the decision of this court on their request for temporary injunctive relief and were arrested under a different statute by defendants for engaging in the conduct at issue does not, in my view, amount to the type of bad faith enforcement which warrants federal court interference with state criminal prosecutions.

■■ In addition to their bad faith allegations, plaintiffs allege that irreparable injury will result if the state court prosecution under § 947.01(1) is not enjoined because § 947.01(1) is facially overbroad. Plaintiffs argue that the existence of such a statute "chills" the legitimate exercise of fundamental First Amendment freedoms. In addition, plaintiffs argue that irreparable injury will befall them through lost business revenues. After *Younger*, these arguments in the context of this case do not establish the requisite irreparable injury warranting federal court interference with state criminal prosecutions already commenced. *Younger* commands that plaintiffs' contentions regarding the constitutionality of the statute and its application to them are properly addressed to the state court in the course of their criminal trials.

In sum, I conclude that the instant cases must be viewed as completely controlled by Younger v. Harris and the cases decided with it, and that this fact renders further action by a federal court inappropriate at the present time. Therefore, I believe that the temporary restraining orders previously issued by this court in both cases must be vacated forthwith. Further, in view of my conclusion that further action by a federal court in either case would be improper under *Younger*, I conclude that defendants' motions to dismiss the actions must also be granted.

---

1. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971); Boyle v. Landry, 401 U.S. 58, 91 S.Ct. 764, 27 L.Ed.2d 683 (1971); Samuels v. Mackell, 401 U.S. 66, 27 L.Ed. 2d 688 (1971); Perez v. Ledesma, 401 U.S. 82, 27 L.Ed.2d 701 (1971); Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792 (1971); and Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 (1971).

2. See page 1386, order entered February 5, 1971.

Accordingly, the convening of a three-judge court, prayed for in plaintiffs' complaints, must be denied. Because this case must be viewed as controlled by Younger v. Harris, there no longer remains any basis for injunctive relief. Hence, the convening of a court of three judges to consider possible injunctive relief would be a useless act in the present posture of this case.[3] Further, while this court acting as a single judge still technically has the *power* to render declaratory relief, the impropriety of considering declaratory relief in a case where injunctive relief is deemed inappropriate is made clear by Samuels v. Mackell, supra.

In sum, I find and conclude that under Younger v. Harris and the other cases decided with it, federal court action of any kind, either by this court or a court of three judges convened pursuant to 28 U.S.C. § 2281, would be improper and inappropriate. Accordingly, defendants' motions to dismiss must be granted.

Therefore, on the basis of the foregoing and the entire record herein,

It is ordered that the temporary restraining orders entered by this court on February 5 and February 9, 1971, in the instant actions be and they hereby are vacated and dissolved.

It is further ordered that the instant actions be and they hereby are dismissed.

### Appendix in No. 71–C–37

Plaintiff has commenced an action challenging the Wisconsin disorderly

---

3. When presented with a request for a statutory three-judge court, the inquiry of the single district judge is properly limited to "determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed. 2d 794 (1962).

In the present cases I am of the opinion that convening a three-judge court would be a useless act because the cases are clearly controlled by Younger v. Harris, supra. *Younger* speaks in terms of comity and the appropriate exercise of federal judicial power rather than jurisdiction and the power, per se, of a federal court to act. The single judge, in determining whether or not a three-judge court should be convened, normally is properly concerned only with jurisdictional issues, not abstention issues.

Accordingly, it appears that the inquiry into "whether the complaint at least formally alleges a basis for equitable relief" is traditionally limited to the face of the complaint and does not involve the single judge in factual determinations related to the merits of the case. National Mobilization Comm. to End War in Viet Nam v. Foran, 411 F.2d 934, 936 (7th Cir. 1969); Landry v. Daley, 280 F.Supp. 929, 936–937 (N.D.Ill.1967). However, in these cases where it clearly appears from the facts and allegations in a record developed up to the point of deciding whether to convene a statutory court that the basis for equitable relief is wholly lacking, I believe I have a duty to refuse to convene a court of three judges. The fact that the plaintiffs have, on the face of their complaints, alleged "bad faith" and "irreparable injury" should not, in my view, automatically require the convening of three judges to determine if the allegations have any substance. Sellers v. Regents of the University of California, 432 F.2d 493, 498 (9th Cir. 1970). If there is no reasonable basis for injunctive relief, in a case such as this, I believe the single judge should refuse to burden the federal judiciary by convening a three-judge court. Maryland Citizens for a Rep. Gen. Assembly v. Governor of Md., 429 F.2d 606, 611 (4th Cir. 1970). I believe that this result in this case comports with the purpose of the three-judge court statute and the oft-stated requirement that, in light of the burden on the federal judiciary imposed by three-judge courts, the statute be narrowly read. Phillips v. United States, 312 U.S. 246, 250–251, 61 S.Ct. 480, 85 L.Ed. 800 (1941).

In sum, since it is only the possibility of injunctive relief which brings into play the three-judge court statute, I believe that in cases such as these I have a duty not only to determine the substantiality of the constitutional issue raised but also, where it clearly appears to the contrary, to determine if any basis exists for equitable relief.

conduct statute, § 947.01(1) of the Wisconsin Statutes, which reads as follows:

"Whoever does any of the following may be fined not more than $200 or imprisoned not more than 90 days or both:

"(1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance; or * * *."

Plaintiff challenges the statute as overly broad on its face in violation of the United States Constitution and as unconstitutional as applied.[1] Plaintiff seeks both injunctive and declaratory relief. Since plaintiff seeks to enjoin the operation of a state statute, if this court determines that his constitutional claim is not insubstantial, a three-judge court must be convened to hear the case on the merits. I presently make no determination with regard to the convening of a three-judge court. Plaintiff seeks temporary injunctive relief pending the convention of a three-judge court, and this request is the only issue dealt with in this opinion and order.

Jurisdiction is asserted, among other provisions, under Title 42 U.S.C. § 1983 and Title 28 U.S.C. § 1343, and it appears that jurisdiction is present.

Plaintiff is the operator of a nightclub in Milwaukee, Wisconsin. Defendants are, respectively, the chief of police of the City of Milwaukee and the district attorney of Milwaukee County.

Plaintiff originally filed an action challenging the constitutionality of § 944.21(1) (d) of the Wisconsin Statutes. Plaintiff sought the convention of a three-judge court to determine issues of declaratory and injunctive relief. He also sought from this court a temporary restraining order. Pursuant to this mo-

tion for a temporary restraining order, this court held a hearing on February 2, 1971. In his motion and at the hearing, plaintiff contended that he was being threatened with prosecution under § 944.21(1) (d) and sought injunctive relief restraining the enforcement of that statute against him.

It appears that plaintiff, being the operator of a nightclub in Milwaukee, was desirous of featuring "topless" dancing at his establishment. Plaintiff and his counsel visited defendant McCann's office and spoke with a member of Mr. McCann's staff, informing him of his intention to provide topless dancing and inquiring with regard to what the legal consequences might be. It appears from the testimony at the hearing that plaintiff was informed he would be prosecuted under § 944.21(1) (d) of the Wisconsin Statutes should he have topless dancing at his establishment. However, in his answer and at the hearing, Mr. McCann denied that plaintiff would be prosecuted under § 944.21(1) (d), stating that in all likelihood plaintiff *would* be prosecuted but under some other statute or ordinance which could not be specified until the topless event took place, was observed, and was reviewed. Accordingly, defendant McCann urged this court that plaintiff's request for temporary injunctive relief was premature as no one really knew under what statute plaintiff would be prosecuted were he to feature topless dancing. (Defendant did threaten the substantial likelihood of prosecution under some statute or ordinance.)

While the court had plaintiff's motion for temporary relief under advisement, and on the same evening of the initial hearing, plaintiff featured a topless dance at his establishment, and the topless dancer was arrested and subsequently charged with violation of § 947.01(1) of the Wisconsin Statutes. Thereafter,

---

1. When plaintiff's original complaint was filed, it did not contain allegations as to facial invalidity based upon the statute's overbreadth. However, plaintiff was granted leave to amend his complaint by leave of court under Rule 15(a) of the Federal Rules of Civil Procedure, and the complaint now contains such an allegation.

the plaintiff amended his complaint to challenge, as noted above, the constitutionality of § 947.01(1). In addition, plaintiff again moved this court for temporary injunctive relief, this time with regard to the enforcement of § 947.01(1). Pursuant to the present motion, a hearing in chambers was scheduled and held on February 4, 1971. At the hearing in chambers, which was on the record, counsel for defendant McCann did not challenge plaintiff's statement that at the time of the arrest of the dancer the general atmosphere in the audience of the premises was calm and undisturbed; that is, there was no disturbance going on in the audience at the time of the arrest or immediately preceding the arrest.

Plaintiff contends that topless dancing is protected activity under the First Amendment to the United States Constitution. Plaintiff contends that the topless dancing is not obscene, but that even if it is, it is subject only to limited regulation by the state; namely, regulation aimed at keeping obscenity from minors and unwilling adults. I believe that plaintiff enjoys a substantial likelihood of ultimately prevailing on this issue. United States v. B & H Dist. Corp., 319 F.Supp. 1231 (W.D.Wis. 1970); Ponti v. City of Madison, 319 F.Supp. 446 (W.D.Wis. 1970); Reichenberger v. Conrad, 319 F.Supp. 1240 (W.D.Wis. 1970).[2] Plaintiff contends that the topless dancing in this case is not activity properly reached by § 947.01 (1), and that if it is reached under the statute, then the statute is unconstitutionally overbroad. I find that plaintiff enjoys a reasonable chance of ultimately prevailing in these contentions as well. In a recent Wisconsin Supreme Court opinion dealing with § 947.01(1), it was stated:

" ' * * * The statute does not proscribe activities intertwined with

protected freedoms unless carried out in a manner which is violent, abusive, indecent, profane, boisterous or unreasonably loud, or conduct similar thereto, *and* under circumstances in which such conduct tends to cause or provoke a disturbance. * * * ' " State v. Maker, 48 Wis.2d 612, 616, 180 N.W. 2d 707, 708–709 (1970). (Emphasis in the original.)

It is to be remembered that defendant McCann has not challenged the fact that at the time of the arrest herein the atmosphere in the establishment, that is, in the audience of onlookers, was calm and undisturbed. With regard to the possible overbreadth of the statute section, I am aware of the fact that the statute has recently been found to be facially valid. See Zwicker v. Boll, 270 F. Supp. 131 (W.D.Wis.1967), aff'd 391 U. S. 353, 88 S.Ct. 1666, 20 L.Ed.2d 642 (1968); and Soglin v. Kauffman, 286 F.Supp. 851 (W.D.Wis.1968). (In *Soglin*, the United States Supreme Court per curiam affirmance of *Zwicker* was interpreted to represent an affirmance based upon the facial validity of § 947.-01(1).) However, the inquiry in the above cases was not related to the overbreadth of § 947.01(1) regarding its alleged improper prohibitions of obscenity. In the case of State v. Maker, supra, the Wisconsin Supreme Court found that a male musician performing in a tavern clad only in an athletic supporter constituted "indecent and disorderly conduct" and then found that the disorderly conduct was of a nature that tended to create or provoke a disturbance. In my view, the construction indicated in the *Maker* case does little to alleviate doubts as to possible overbreadth of § 947.01(1) if it is deemed to serve as a mode of regulating obscenity in Wisconsin.

In sum, while indicating no opinion whatsoever on the ultimate resolution of this case on the merits, I believe that

---

2. See also United States v. Orito, Case No. 70–CR–20 (E.D.Wis., opinion dated Oct. 28, 1970); Stein v. Batchelor, 300 F. Supp. 602 (N.D.Tex.1969); Karalexis v. Byrne, 306 F.Supp. 1363 (D.Mass.1969);

United States v. Lethe, 312 F.Supp. 421 (E.D.Cal.1970); and Hayse v. Van Hoomissen, 321 F.Supp. 642 (D.Ore. 1970).

plaintiff enjoys a sufficiently reasonable chance of prevailing in his attack on § 947.01(1), either as applied or on its face, to warrant the granting of temporary injunctive relief. I find that the prosecution at issue under this statute and the threat of further prosecutions under this statute, on the facts of this case, constitute sufficient irreparable harm and injury to warrant the imposition of temporary injunctive relief during the pendency of proceedings in this court.

The defendants urge that abstention is proper in this case. In Dombrowski v. Pfister, 380 U.S. 479, 489, 85 S.Ct. 1116, 1122, 14 L.Ed.2d 22 (1965), the Supreme Court said:

> " * * * We hold the abstention doctrine is inappropriate for cases such as the present one where * * * statutes are justifiably attacked on their face as abridging free expression, or as applied for the purpose of discouraging protected activities."

I do not believe that abstention is proper in this case. See also Kauzrich v. Scott, Case No. 70–C–719 (E.D.Wis., transcript of proceedings, Jan. 19, 1971). The state court prosecution has progressed to the stage of arrest and charging in this case. However, this case involves First Amendment issues. The traditional rule that a federal court should not interfere with the orderly proceedings of a state court which is embodied in Title 28 U.S.C. § 2283 does not automatically obtain in appropriate First Amendment situations. In certain appropriate First Amendment cases, I am of the view that Title 42 U.S.C. § 1983 can and does constitute an exception to the general prohibition contained in § 2283. Landry v. Daley, 288 F.Supp. 200, 224 (N.D.Ill. 1968); Ratener v. Emery, Case No. 70–C–262 (W.D.Wis., unpublished opinion dated Sept. 30, 1970). I believe this is such a case.

Therefore, on the basis of the foregoing and on the entire record herein,

It is ordered that the defendants herein be and they hereby are restrained until further order of this court from prosecuting plaintiff, his agents or employees, under § 947.01(1), Wisconsin Statutes, as amended, with the purpose of discouraging or prohibiting semi-nude performances when such performances are presented to members of an audience aged twenty-one years or older and are clearly advertised to potential patrons as performances containing semi-nude entertainment unless such performances are otherwise illegal.

APPENDIX in No. 71–C–46

Plaintiffs have commenced this action as a challenge to the Wisconsin disorderly conduct statute, § 947.01(1), Wisconsin Statutes (1967, as amended), which provides in part:

> "Whoever does any of the following may be fined not more than $200 or imprisoned not more than 90 days or both:
>
> "(1) In a public or private place, engages in violent, abusive, indecent, profane, boisterous, unreasonably loud, or otherwise disorderly conduct under circumstances in which such conduct tends to cause or provoke a disturbance; or * * *."

The statute is challenged as unconstitutionally facially overbroad and vague as well as unconstitutional as applied. Declaratory and injunctive relief are being sought.

Plaintiff Kondos is the owner of a cocktail bar in Milwaukee known as the Omega Club. Plaintiff Klinker is employed there as a dancer. On January 28, 1971, plaintiff Klinker performed a topless dance. She was then referred by police officers on the scene to appear before the district attorney the following morning. She did so and was charged with a violation of § 947.01(1). She was also further advised that performances of similar dances would result in additional arrests.

This order deals only with the request for temporary injunctive relief, all other

issues raised being reserved for later determination.

I believe that temporary relief is in order in this case for the same reasons and by virtue of the same authorities set forth in my opinion of February 5, 1971, in Pederson v. Breier, at pages 1385–1386 (1971).

It is therefore ordered that the defendants herein be and they hereby are restrained until further order of this court from prosecuting plaintiffs, their agents and employees, under § 974.-01(1), Wisconsin Statutes, as amended, with the purpose of discouraging or prohibiting seminude performances when such performances are presented to members of an audience aged twenty-one years or older and are clearly advertised to potential patrons as performances containing seminude entertainment, unless such performances are otherwise illegal.