Terrance McCUE, doing business as Pussy Cat Lounge, and Charlene Kuipuo, Plaintiffs,

v.

CITY OF RACINE, a municipal corporation of the State of Wisconsin, et al., Defendants.

Jerome J. RUETZ, Jr., individually and as operator of Tubby's Show Lounge I, and Antoinette Young, a/k/a Venus De Milo, Plaintiffs,

v.

Kenneth HUCK, individually and as Mayor of the City of Racine, Wisconsin, et al., Defendants.

Civ. A. Nos. 70-C-691, 70-C-694.

United States District Court, E. D. Wisconsin.

July 28, 1971.

Victor C. Cairo, Racine, Wis., for plaintiffs McCue and others.

William D. Whitnall, Racine, Wis., for plaintiffs Ruetz and others.

Edward A. Krenzke, Deputy City Atty., City of Racine, Racine, Wis., for defendants.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

Plaintiffs in these two actions are operators and employees of two Racine, Wisconsin, taverns and are engaged in, among other things, the exhibition of nude and semi-nude dancing. Defendants in *McCue* are City of Racine officials and the City of Racine; defendants in *Ruetz* are City of Racine officials, the District Attorney, and the County Judge of Racine County (the latter two defendants have never appeared in this action). Plaintiffs seek to halt defendants' attempts to end the exhibition of nude and semi-nude dancing under §§ 24.165 (establishing a dress code for dancers) and 25.01 (disorderly conduct) of the ordinances of the City of Racine, alleging that these ordinances constitute an illegal infringement on their First Amendment rights. Upon the initiation of these suits and after a hearing, the plaintiffs' motion for a temporary restraining order was granted.

Plaintiffs have now moved that this court hold the City of Racine and the City of Racine officials, who are defendants in these two actions, in contempt for alleged violations of the temporary restraining order. Defendants (except the District Attorney and the County Judge of Racine County) deny any contemptuous conduct and have moved that I dismiss both actions for lack of jurisdiction or, alternatively, abstain from deciding these cases on the basis of Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); Marseo v. Cannon, 326 F.Supp. 1315 (1971) (dealing with a state prosecution of "topless" dancing under Wisconsin's nuisance statutes dealing with bawdyhouses, §§ 280.09 and 280.10); and Pederson v. Breier, 327 F.Supp. 1382 (1971) (dealing with a state prosecution of "topless" dancing under Wisconsin's disorderly conduct statute, § 947.01(1)). Alternatively, defendants have moved that I modify the temporary restraining order now outstanding. I find that defendants are not in contempt, that this court has proper jurisdiction over these actions and that this court should not abstain, and that the temporary restraining order should be modified.

### I

The plaintiffs allege that the contemptuous action was committed in June of this year when the City Council of Racine refused to grant Class B Retail Liquor Licenses to either Go-Go of Racine, Inc., or Richard A. Missurelli (neither of whom are named parties in *McCue* or *Ruetz*). Plaintiffs specifically allege that the failure to grant these licenses to these applicants was a violation of the outstanding temporary restraining orders in the instant actions. Offering no opinion as to the propriety of the City Council's denials, I find that I cannot agree with plaintiffs. As indicated, neither Go-Go of Racine, Inc., or Richard A. Missurelli are parties to the actions from which the temporary restraining orders stem, nor are they parties before this court for purposes of the motion for contempt. None of the plaintiffs or petitioners in these actions and motions for contempt have applied to the City Council for a Class B Retail Liquor License.

Contempt is an extraordinary remedy, one which is discretionary with the

court and which should be used with caution. Given the above facts, I find that the motions for contempt should be denied.

## II

■■ This court has jurisdiction in *Ruetz* pursuant to 28 U.S.C. §§ 1343, 2201, 2202; 42 U.S.C. §§ 1981, 1983, 1985; and the Constitution of the United States. This court has jurisdiction in *McCue* pursuant to 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the Constitution of the United States. The City of Racine is a proper defendant in *McCue*, as a city is a person under 42 U.S.C. § 1983 when equitable relief is sought. Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969); Adams v. City of Park Ridge, 293 F.2d 585, 587 (7th Cir. 1961); United States v. City of Jackson, Mississippi, 318 F.2d 1, 11 (5th Cir. 1963); Dailey v. City of Lawton, Oklahoma, 425 F.2d 1037 (10th Cir. 1970). Cf. Harkless v. Sweeny Independent School District, 427 F.2d 319, 321 (5th Cir. 1970).

## III

■ The question of whether this court may abstain under *Younger* will now be considered.

In Younger v. Harris, supra, the United States Supreme Court stated that the "national policy forbid[s] federal courts to stay or enjoin pending state court [criminal] proceedings except under special circumstances." *Id.* 401 U.S. at 41, 91 S.Ct. at 749. No view was expressed "about the circumstances under which federal courts may act when there is no prosecution pending in state courts at the time the federal proceeding is begun." *Id.* at 41, 91 S.Ct. at 749.

In Pederson v. Breier, supra, the State of Wisconsin arrested and charged certain "entertainers and proprietors of establishments in Milwaukee, Wisconsin, which feature[d] 'topless' dancing as entertainment" with violating the provisions of Wisconsin's disorderly conduct statute, § 947.01(1). After the criminal

prosecution had been commenced, these "entertainers and proprietors" sought in this court to challenge § 947.01(1) as being unconstitutional and to enjoin the state's prosecution. Since a state criminal prosecution was commenced prior to the challenge in this court, and upon finding no special circumstances, I vacated the temporary restraining order and abstained and dismissed the action in accordance with *Younger* so that the criminal prosecution in the state court could proceed.

In Marseo v. Cannon, supra, another "topless" case, the state had commenced a civil prosecution in state court under §§ 280.09 *"Bawdyhouses declared nuisances"* and 280.10 *"Disorderly house, action for abatement,"* Wis.Stats. (1969). I held that while *Younger* did not expressly control in that the action was civil, the fact that the statutes required that the actions be brought in the name of the state and were of a quasi-criminal nature brought that particular state instigated civil proceeding within "the intended reach and scope of the policy announced in the Younger cases." Accordingly, I felt obliged to abstain and to dismiss the action in this court so that the state proceeding could proceed.

While the two instant cases are similar to *Pederson* and *Marseo* in that the conduct under attack is "topless" dancing, in *Pederson* and *Marseo* as in *Younger, it was not the conduct which dictated abstention and dismissal but rather the context and setting of the attack on the conduct.* In this sense the two cases presently before the court differ markedly from *Pederson, Marseo,* and *Younger,* a difference which compels me to allow these cases to proceed.

In both *McCue* and *Ruetz,* the vehicles for the cities' attack on plaintiffs' conduct are local ordinances which are clearly civil actions under the laws of Wisconsin. Wis.Stat. § 66.12 (1969). In *McCue* no attempt has been made to commence state court proceedings (the threatened action being a license revocation hearing before the City Council), while in *Ruetz* such an attempt has been made, but al-

legedly as a matter of state law state court jurisdiction never attached. In *Pederson,* the *Younger problems* were clearly apparent, as in that case there was a state criminal prosecution grounded on a state statute already before a state court. Just as apparent is the lack of *Younger* problems in *McCue* where what is involved is a city civil action grounded on a local ordinance not before a state court. *Ruetz* like *Marseo,* presents a somewhat closer question, but the distinguishing differences between the two are clear. While both cases allegedly involve civil proceedings, the civil proceeding in *Marseo* was a quasi-criminal one. Further, in *Marseo* the action was brought by the state and was grounded on a state statute. In *Ruetz* the action is brought by the city and grounded upon a city ordinance.

### IV

Presently the following temporary restraining order is in effect against the defendants in both pending cases:

"Upon the record before me made and pursuant to stipulation of the parties to these actions:

"IT IS ORDERED, That, concerning Cases Nos. 70–C–694 and 70–C–691, pending further decision in this matter the Defendants and each of them are enjoined and restrained from taking any action of any kind whatsoever in interfering with the Plaintiffs and each of them in carrying on their respective occupations and that the Defendants cease and desist from any interference with the operation of and entertainment provided by Tubby's Show Lounge I located in Racine, Wisconsin.

"IT IS FURTHER ORDERED, that, this Temporary Restraining Order shall continue in effect until further order of the Court."

It was my intent in issuing this temporary restraining order to temporarily enjoin the city from taking any further action against the plaintiffs because of alleged violations of the dress code ordinance and disorderly conduct ordinance, §§ 24.165 and 25.01 of the Racine ordinances. I thought that all parties understood the intent of the order, but the broad language taken literally does go beyond those limited goals. So as to remove any doubt, I will modify the temporary restraining order of January 19, 1971, to provide an order in keeping with the limited allegations of the complaints and the reliefs sought.

Therefore, upon the record before me, the representations of counsel, and after a hearing in open court in these matters,

It is ordered that the temporary restraining order of January 19, 1971, entered in McCue v. Racine (C.A.No. 70–C–691), be and it hereby is modified to read:

Pending further decision in this matter the defendants, and each of them, are enjoined and restrained from enforcing or attempting to enforce in any manner whatsoever §§ 24.165(4) (h) and (4) (k) of the Municipal Code of the City of Racine against the plaintiffs.

It is further ordered that the temporary restraining order of January 19, 1971, entered in Ruetz v. Huck (C.A.No. 70–C–694), be and it hereby is modified to read:

Pending further decision in this matter the defendants, and each of them, are enjoined from enforcing or attempting to enforce in any manner whatsoever §§ 24.165(4) (k) and 25.-01 of the Municipal Code of the City of Racine against plaintiffs.

It is further ordered that the motions of the plaintiffs for the issuance of an order finding the defendants in contempt be and they hereby are denied, and that the motion of the defendants that said application be dismissed be and it hereby is granted.

It is further ordered that the motion of the defendants that the court dismiss for lack of proper jurisdiction or, alternatively, that the court abstain be and it hereby is denied.